# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JESHUN WILLIAMS**                                                                                    **PLAINTIFF**

**V.**                                           **4:20CV00784 JM**

**WARDEN SHIPMAN, Varner Unit
of the Arkansas Department of
Correction;   WARDEN BYERS,
Varner Unit;   CAPTAIN BRANDON
CORL, Varner Unit;   and MAJOR
CHRISTOPHER, Varner Unit**                                                                    **DEFENDANTS**

## ORDER

Plaintiff Jeshun Williams brings this civil rights action under 42 U.S.C. § 1983.   His motion to proceed *in forma pauperis* (Doc. 2) is granted.   *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The Court must screen his complaint. 28 U.S.C. § 1915(e)(2).   Williams, a former inmate of the Varner Unit of the Arkansas Department of Correction, asserts that, as an inmate, he was placed on mind-control technology.   (Doc. 1 at 4)   Williams contends that Defendants continue to have him on "nervous system manipulation" that is damaging his stomach. (Doc. 1 at 4-5)

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").   Regardless of whether a

plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) After reviewing Williams's *pro se* complaint, the Court finds that the complaint should be, and hereby is dismissed *sua sponte*. Nothing in the complaint resembles a cause of action. William's Complaint is irrational, if not wholly incredible, and thus frivolous.

As stated, the Court grants Williams's motion to proceed IFP. (Doc. 2). The Court further finds that William's complaint fails to state a claim for relief and, therefore, the complaint (Doc. 1) is dismissed without prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 6th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE